IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

JEFF MULLINS
d/b/a MULLINS AMMUNITION, INC.
    Plaintiff

V.    Case Number:

RINKY DINK SYSTEMS, INC.
d/b/a R.D. SYSTEMS
    Defendant

SERVE:    DEFENDANT
    c/o Philip R. Frankfort, Registered Agent
    800 N. Church Street
    P.O. Box 589
    Rockford, IL 61105

## COMPLAINT

COMES NOW, your Plaintiff, Jeffery Mullins d/b/a Mullins Ammunition, Inc., by counsel, and respectfully represents as follows:

1. Plaintiff is a resident and citizen of the Town of Clintwood, County of Dickenson, Commonwealth of Virginia and is the President and Registered Agent for Mullins Ammunition, Inc., which said corporation is located in the Town of Clintwood, County of Dickenson, Commonwealth of Virginia.

2. Defendant is a corporation organized under the laws of the state of Illinois, having an office and principal place of business at 14328 Commercial Parkway, South Beloit, IL 61080.

3. The amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00).

4. In or about February, 2002, Plaintiff appeared at a Shot Show in Las Vegas, representing his corporation, Mullins Ammunition, Inc. Defendant was a vender at said show. Plaintiff was approached by Defendant with an inquiry of his interest in purchasing a High Production Bullet Machine for his business.

5. Defendant quoted to Plaintiff a price of Three Hundred Eleven Thousand Dollars ($311,000.00) for building a swagging and scarring machine (hereinafter referred to as "the machine"). Plaintiff was informed that delivery could be expected within nine (9) months after a purchase order was signed.

6. Defendant informed Plaintiff that Defendant would not be responsible for the dies used in the machine; therefore, Plaintiff contracted with Bronson and Bratton ( hereinafter referred to as "B & B") to build the dies.

7. Plaintiff, Defendant and B & B met at Defendant's production plant and discussed what was necessary to complete the machine. A first payment was made to Defendant, as agreed, and work began on the machine.

8. As months passed, progress reports from the Defendant became few and far between. When Plaintiff contacted Defendant to inquire as to how production was proceeding, Defendant indicated that the dies sent from B & B were incorrect and would not work in the machine. Plaintiff contacted B & B and was told that the dies sent to Defendant were within the specifications given during the initial meeting.

9. Plaintiff, along with representatives of B & B, went to Plaintiff's production plant to determine how production was progressing on the machine. At the time of Plaintiff's visit, Defendant could not make the machine run without breaking down repeatedly. Plaintiff

informed the representatives from B & B to make any changes to the dies that Defendant requested.

10. A few more months passed and Plaintiff received a phone call from an unnamed employee of Defendant indicting that the machine was over budget and production would be stopped unless Plaintiff called to question what was happening with the machine's production.

11. Plaintiff attempted to contact Joe Raphody, an employee of Defendant, numerous time, to discuss the machine's status. When Mr. Raphody finally took Plaintiff's call she indicated that B & B was the cause of the problems with the production of the machine and after further discussion, Mr. Raphody blamed Plaintiff as the cause of the problems with the production of the machine.

12. Plaintiff was contacted by Gary Steves, a representative of B & B, who advised of the company's concern regarding a bill for the dies requested by Defendant and the damage done to the dies when Defendant was attempting to run the machine. A conference call was held between Plaintiff, Defendant and B & B. Plaintiff assumed that all concerns had been covered during the phone conference and were no longer an issue.

13. Not long after the afore-said phone conference, Defendant sent some bullets to Plaintiff for his inspection and approval. Plaintiff inspected said bullets and contacted Defendant with suggestions. Many months passed before more bullets were sent for inspection.

14. Early 2006, Plaintiff was informed by Mr. Raphody that the machine was ready to run; therefore, Plaintiff made a trip to Defendant's production plant for a test run of the machine. The machine was inoperable and Plaintiff, along with staff from Mullins Ammunition, attempted to determine the cause of the malfunction with the machine.

15. Plaintiff had accepted a contract for a major client for a one million round order

based upon Defendant's assurances that the machine would be operational and running on a 330 pieces per minute speed.

16. The machine would only run at a 35 pieces per minute speed, and would only run for a limited amount of time before breaking down.

17. Due to the Defendant's inability to complete the machine, Plaintiff had to make other arrangements to complete the U.S. Armed Forces order, causing additional expense for Plaintiff.

18. Plaintiff on his part duly performed all the terms and conditions of said agreement by him to be performed.

19. Defendant has not performed said agreement in that the machine has not been delivered in the specified amount of time and is still not operating correctly after additional time was allowed to complete said machine; specifically, four additional years were allowed for completion.

20. By reason of such breach, Plaintiff has sustained damages in the sum of $5,000,000.00.

WHEREFORE, your Plaintiff, Jeffery Mullins d/b/a Mullins Ammunition, Inc., prays that he be granted judgment against the Defendant, Rinky Dink Systems, d/b/a R.D. Systems in the amount of $5,000,000.00, for attorney fees and costs expended, and for such other relief as this Court deems proper.

                                        JEFFERY MULLINS
                                        d/b/a MULLINS AMMUNITION, INC.
                                        By Counsel

   /s/ Anthony E. Collins
ANTHONY E. COLLINS
Counsel for Plaintiff
P.O. Box 3465
Wise, VA 24293
(276) 328-2433
aeclaw1@verizon.net