IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **JEFF MULLINS**<br>**d/b/a MULLINS AMMUNITION, INC**.<br><br>       Plaintiff,<br><br>v.<br><br>**RINKY DINK SYSTEMS, INC.**<br>**d/b/a RD SYSTEMS, INC.**<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>) Case Number:  2:07-CV-00024<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT PURSUANT
TO FED. R. CIV. P. 12(b)(2), OR, ALTERNATIVELY,
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

The defendant, Rinky Dink Systems, Inc., d/b/a RD Systems, Inc. (hereinafter "RD Systems"), by counsel, submits this Memorandum in support of its Motion to Dismiss this case for lack of personal jurisdiction, pursuant to Rule 12 (b)(2) of the Federal Rules of Civil Procedure; or, alternatively, to transfer venue of this case pursuant to 28 U.S.C. § 1404(a).

I. STATEMENT OF RELEVANT FACTS

The defendant, RD Systems, is an Illinois corporation with its principal and only place of business located in South Beloit, Illinois (Compl. ¶2.; Ribordy-Christofferson Aff. ¶2.)  RD Systems is not licensed to do business in Virginia, has no offices in Virginia, and does not have a registered agent in Virginia.  (Ribordy-Christofferson Aff. ¶4.).  RD Systems has no officers, employees, or agents located in Virginia.  (*Id* at ¶3.)  RD Systems owns no real property in

Virginia and holds no accounts at financial institutions in Virginia. (*Id*. at ¶¶5,6.) RD Systems has never advertised in Virginia or in any Virginia publications. (*Id.* at ¶8.) Other than the plaintiff, RD Systems has never entered into any contract with any customer located in Virginia. (*Id*. at ¶7.)

The plaintiff alleges that RD Systems breached an agreement regarding the delivery and operation of a swagging and scarring machine (hereinafter "machine"), which was to be manufactured by RD Systems. (Compl. ¶19.) The plaintiff initially contacted the defendant to inquire about purchasing the machine from the defendant. (Ribordy-Christofferson Aff. ¶10.)[1] The parties met once in Illinois during the negotiations leading up to the contract between the plaintiff and RD Systems. The rest of the negotiations occurred over the telephone and through written communications between the plaintiff's office in Virginia and RD Systems' office in Illinois. (*Id*. at ¶11.) No officer, employee, or agent of RD Systems ever traveled to Virginia to negotiate the contract between the parties. (*Id*.)

On May 13, 2002, RD Systems sent a proposal with terms and conditions to the plaintiff in Virginia. (See Ex. "A" attached to Ribordy-Christofferson Aff.) The plaintiff telephoned the defendant and accepted the proposal. The plaintiff also agreed that the defendant would not be responsible for the design or manufacture of the tooling (dies) for the machine. (Ribordy-Christofferson Aff. ¶13; Compl. ¶6). The plaintiff contracted with another Illinois company, Bronson and Bratton (hereinafter "B&B") to design and manufacture the tooling for the machine. (Compl. ¶6; *Id*. at ¶14).

---

[1] The plaintiff alleges that he was approached by the defendant at a Shot Show in Las Vegas, where the defendant was a vendor. (Compl. ¶4.) No representative from RD Systems was actually at said show in Las Vegas. (Ribordy-Christofferson Aff. ¶9). It is believed that the individual alleged in ¶4 of the plaintiff's Complaint is Michael Rock, who did meet the plaintiff at a trade show in Las Vegas, but was not employed by RD Systems and was in no way representing the defendant at the trade show. (Rock Aff.)

The proposal accepted by the plaintiff included the following provision:

> The Seller's plant in South Beloit, IL, shall be the place of performance where the title passes to the Buyer and payments become due. This agreement shall be an Illinois contract, and shall be interpreted and administered for all purposes under the laws of Illinois.

Manufacture of the machine by RD Systems took place solely in Illinois. (*Id*. at ¶16.) The plaintiff traveled to the defendant's plant in Illinois on several occasions to inspect and work on the tooling for the machine. (*Id*. at ¶17.)[2] Representatives from RD Systems only traveled to Virginia on one occasion. The purpose of the visit was to determine why the tooling from B&B was not working in the machine. (*Id*. at ¶18.) The visit was not part of the contract between the parties. (*See* Ex. "A" to Ribordy-Christofferson Aff.) Other than that one visit, no other officer, employee, or agent of RD Systems traveled to Virginia in connection with the agreement alleged in the plaintiff's Complaint. (*Id*.) All communications between RD Systems and B&B in connection with the allegations in the plaintiff's Complaint occurred in Illinois. (Id. at ¶15.)

## II. ARGUMENT AND AUTHORITIES

**A.    This case should be dismissed because this court does not have personal jurisdiction over the defendant, RD Systems**

A two-step analysis is required when evaluating whether a court in Virginia has personal jurisdiction over a defendant pursuant to the state's long-arm statute. First, it must be determined whether the statutory language of the long-arm statute, as a matter of construction, purports to assert personal jurisdiction over the defendant. *Peanut Corp. of Am. v. Hollywood Brands, Inc.,* 696 F.2d 311, 313 (4th Cir. 1982). Second, "assuming that the answer to the first question is

---

[2] Plaintiff alleges that "along with representatives of B & B, [he] went to <u>Plaintiff's</u> production plant to determine how production was progressing on the machine." ( Compl. ¶8.) It should be noted that plaintiff and representatives of B & B are understood to have traveled to the <u>defendant's</u> production plant in Illinois to determine how production was progressing on the machine, and not to plaintiff's production plant in Virginia.

affirmative, it must be determined whether the statutory assertion of personal jurisdiction is consonant with the Due Process Clause of the United States Constitution." *Id*. (quoting *Haynes v. James H. Carr, Inc*., 427 F.2d 700, 703 (4th Cirr. 1970)).

### 1.    *Virginia's Long Arm Statute Does Not Reach the Defendant*

None of the provisions of Virginia's long-arm statute apply to confer jurisdiction over the defendant.  Subdivision (1) of Virginia's long-arm statute, Va. Code § 8.01-328.1(A), provides that a court may exercise personal jurisdiction over a defendant for a cause of action arising from a person's "transacting any business in this Commonwealth."  The defendant's only possible contact with Virginia is the alleged agreement between the plaintiff and defendant for the manufacture and purchase of the machine.  Although a single act may constitute the transaction of business under Virginia's long-arm statute, a contract between a resident and a non-resident defendant does not, by itself, provide sufficient contacts for personal jurisdiction under the "transacting business" provision of Virginia's long-arm statute for causes of action arising from the contract's breach*.  See V&V Mining Supply Co., Inc. v. Matway*, 295 F. Supp. 643 (W.D. Va. 1969); *Viers v. Mounts*, 466 F. Supp. 187 (W.D. Va. 1979).  Furthermore, telephone calls, letters, and facsimile communications in furtherance of a transaction, are insufficient to form a basis for personal jurisdiction.  *Vill. Lane Rentals, LLC v. Capital Fin. Group*, 159 F. Supp. 2d 910, 915 (W.D. Va. 2001).

Where the single act alleged in support of jurisdiction is a contract between the parties, a Virginia Court will consider the following factors in assessing whether a defendant has transacted business in the forum state: (1) where the contract was negotiated and executed; (2) who initiated the contact; (3) the extent of the communications, both telephonic and written,

between the parties; and (4) where the obligations of the parties under the contract were to be performed. *Id*. at 916.

It is clear in applying the above factors to the facts of this case, that the defendant's conduct did not amount to "transacting business" under Virginia's long-arm statute. The defendant did not initiate contact with the plaintiff, rather, the plaintiff initiated contact with the defendant after hearing about the defendant's business at a trade show in Las Vegas. (*Id*. at ¶10; Rock Aff. ¶¶2,3) The contract negotiations between the parties occurred in Illinois [3] and also by telephone and written communications, with each party in its prospective state. (Ribordy-Christofferson Aff. ¶11.) The defendant did not negotiate any part of the contract in Virginia. (*Id*.) Moreover, the contract was not executed in Virginia. (*Id*. at ¶¶11-13) The plaintiff agreed, by accepting the terms and conditions of the proposal, that the agreement between the parties was an Illinois contract and would be interpreted under Illinois law. (See Ribordy-Christofferson Aff. Ex. "A" at 5.) The agreement was performed entirely in Illinois. (Compl.; Ribordy-Christofferson Aff. ¶16.) Thus, the defendant's single act of entering into an agreement with a Virginia resident does not amount to the transaction of business in the Commonwealth sufficient to confer jurisdiction over the defendant in this case. The contract alleged in the plaintiff's complaint was not formed or performed in Virginia. The Fourth Circuit has specifically held that Virginia's long-arm statute "does not extend to a contract formed and performed outside Virginia." *Promotions, Ltd. v. Brooklyn Bridge Centennial Comm*., 763 F.2d 173, 175 (4th Cir. 1985) (citing *Danville Plywood Corporation v. Plain & Fancy Kitchens, Inc.*, 218 Va. 533, 238 S.E.2d 800 (1977); *Viers v. Mounts*, 466 F. Supp. 187 (W.D. Va. 1979)).

---

[3] When the plaintiff and RD Systems' CEO met in Illinois. (Ribordy-Christofferson Aff. ¶11.)

Furthermore, in order for the Court to establish jurisdiction over the defendant pursuant to subsection (1) of Virginia's long-arm statute, not only must it be established that the defendant was transacting business in Virginia, it must also be shown that the cause of action at issue <u>arose out of</u> those transactions. *Vill. Lane Rentals, LLC v. Capital Fin. Group*, 159 F. Supp. 2d 910 (W.D. Va. 2001). The plaintiff's alleged cause of action arises out of the defendant's alleged breach of agreement between the parties regarding the manufacture of the machine. Since the manufacture of the machine took place in Illinois (Ribordy-Christofferson Aff. ¶16) and the delivery of the machine was to take place in Illinois (Ex. "A" to Ribordy-Christofferson Aff.), that is where the alleged breach occurred. Therefore, the plaintiff's alleged cause of action does not arise out of the defendant's business transactions <u>in Virginia</u>.

Jurisdiction pursuant to subdivision (2) of Virginia's long-arm statute also does not apply to confer jurisdiction over RD Systems. Va. Code § 8.01-328.1(A)(2) provides that a court may exercise personal jurisdiction over a defendant for a cause of action arising from a persons "contracting to supply services or things to this Commonwealth." Where the contract provides for delivery of the contracted item in a state other than the Commonwealth, the contract is not one to supply services or things to the Commonwealth. *See Processing Research, Inc. v. Larson*, 686 F. Supp. 119, 122 (E.D. Va. 1988). The parties in this action contracted for delivery of the machine in Illinois, not Virginia. The proposal accepted by the plaintiff states that the machine was to be delivered "FOB South Beloit, IL" and that "[t]he Seller's plant in South Beloit, IL, shall be . . . where the title passes to the Buyer." (Ribordy Christoferrson Aff. Ex. A at 3 and Ex. A at 5). As such, Rinky Dink did not contract "to supply services or things to [the] Commonwealth." Thus, Section A(2) of 8.01-328.1 will not apply to confer jurisdiction over the defendant in this case.

The other subdivisions of Virginia's long-arm statute clearly do not apply to the facts of this case, since the plaintiff only alleges a breach of an agreement between the parties. Therefore, because the plaintiff's alleged contract claim does not arise out of the formation of the contract, the alleged breach of the contract, or the defendant's transaction of business in Virginia, Virginia's long-arm statute does not apply to this defendant.

    2. *The Defendant Does Not Have Sufficient Contacts with Virginia to Satisfy Due Process*

Even if it is found that the requirements of Virginia's long-arm statute are satisfied, this Court cannot assert personal jurisdiction over the defendant unless due process is also satisfied. "For a defendant to be subject to suit in a forum where it is not physically present, due process demands certain 'minimum contacts' with the forum such 'as make it reasonable . . . to require the corporation to defend the particular suit which is brought there.'" *Chung v. NANA Development Corp.*, 783 F.2d 1124, 1127 (4th Cir. 1986) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)). Unless a defendant's contacts are continuous, systematic, and substantial, jurisdiction is only constitutionally appropriate where a defendant has purposefully directed its activities at the forum state and the litigation arises out of or relates to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The focus on the defendant's acts serves the due process objective of "giving 'a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimal assurance as to where that conduct will and will not render them liable to suit.'" *Chung* at 1127 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The exercise of personal jurisdiction over the defendant is not constitutionally appropriate in this case. RD Systems did not purposefully direct its activities at Virginia. The agreement between the parties was entered into after the plaintiff initiated contact with the defendant. (Ribordy-Christofferson Aff. ¶10.) The defendant did not reach out to the plaintiff in Virginia. Negotiations between the parties took place in Illinois or over the telephone.[4] (*Id*. at ¶11.) Moreover, the defendant made sure that the contract was deemed made in Illinois; that the contract was governed by the laws of Illinois; and that performance and delivery all occurred in Illinois. (*Id*. at Aff. Ex. "A" at 5.) The defendant obviously intended to confine its responsibilities to the state of Illinois and should therefore not be subject to the jurisdiction of a court in Virginia. *See Chung*, 783 F. 2d. at 1128. (finding that the defendant appeared to have done everything possible to confine its United States business to its home state). Thus, the Court's exercise of personal jurisdiction over RD Systems would offend "traditional notions of fair play and substantial justice."

### B. Should this Court Find that it Has Personal Jurisdiction Over the Defendant, It Should Transfer this Case to the Northern District of Illinois, Western Division

28 U.S.C. § 1404(a) states that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This Court should transfer this case in the interest of justice

---

[4] The fact that two representatives from RD Systems traveled to Virginia on one occasion, does not constitute the requisite minimum contacts necessary to comply with due process. *See Erlanger Mills v. Cohoes Fibre Mills,* 239 F.2d 502 (4th Cir. 1956) (finding it insignificant that a representative of defendant visited North Carolina after plaintiff complained about a shipment of yarn purchased from the defendant and shipped f.o.b. New York). *See also Affinity Memory & Micro, Inc. v. K&Q Enterprises, Inc.,* 20 F. Supp. 2d. 948, 952 (pointing out that the "shipment of goods 'plus merely incidental activity such as . . . negotiating thereafter in the state concerning defects in the goods' has been held not to be transaction of business for the purposes of the Virginia long-arm statute.") (citations omitted).

and for the convenience of the parties to the United States District Court for the Northern District of Illinois, a district court where this suit might have been brought.

The plaintiff's choice of forum is generally given deference unless the balance of equities is in the defendant's favor and judicial economy and convenience to all parties favor suit in another forum. *Glamorgan Coal Corp. v. Ratners Group, P.L.C.*, 854 F.Supp. 436, 437 (W.D. Va. 1993). Federal courts in Virginia often consider a variety of factors to help determine whether the interests of justice would be served by transferring a case to a different venue pursuant to 28 U.S.C. § 1404(a). *Southeastern Textile Machinery, Inc. v. H. Warshow & Sons, Inc.*, 2006 U.S. Dist. LEXIS 5366 (W.D. Va. 2006). These factors include, but are not limited to: (1) the convenience of the witnesses and parties; (2) ease of access to sources of proof; and (3) the interests in having local controversies decided at home.'" *Optical Cable Corp. v. Massachusetts Elec. Const. Co.*, 21 F.Supp.2d 582, 592 (W.D. Va. 1998). "'The weight given to these factors should be commensurate with the degree each impacts the policy behind 1404(a), that is, to make the trial easy, expeditious and inexpensive." *Id*. (citing *Glamorgan Coal Corp. v. Ratners Group, P.L.C.*, 854 F.Supp. 436, 437-38 (W.D. Va. 1993).

In examining these factors, it is clear that the interests of justice would be served by transferring this case to Illinois. First, the convenience of the witnesses, and most importantly, the non-party witnesses, weighs in favor of transfer. Numerous essential witnesses to this case from RD Systems and B&B are located in Illinois (or just across the border in Wisconsin). (Ribordy-Christofferson Aff. ¶¶14,15, 21). These witnesses have substantial knowledge regarding the allegations contained the plaintiff's Complaint and will be necessary witnesses in the trial of this matter. (*Id*. at ¶21). Several employees with RD Systems, who reside in Illinois or nearby Wisconsin, were directly involved in the design, manufacture, and assembly of the

machine in question. Many of the employees were also present during the plaintiff's visits to the defendant's plant in Illinois.[5] Additionally, B&B, the company the plaintiff hired to design and manufacture the tooling for the machine, is located in Illinois. (Compl. ¶6; Ribordy-Christofferson Aff. ¶¶14, 15.) It is obvious from the allegations in the plaintiff's Complaint that employees from B&B are essential witnesses in this case.[6]

It would cause an undue burden and great expense for the representatives and employee-witnesses from B&B and RD Systems to travel to Virginia to appear for trial and other pre-trial proceedings. The ability to conduct a trial in a manner that does not "unduly burden" the witnesses is of central importance in making a trial easy, expeditious, and inexpensive. *Kollmorgen Corp. v. Yaskawa Elec. Corp.*, 169 F. Supp. 2d 530 (W.D. Va. 1999). Thus, the convenience of the witnesses, especially the non-party witnesses, weighs heavily in favor of transferring this matter to the United States District Court for the Northern District of Illinois.

Second, facts relating to the design and development of the allegedly defective machine are centered in Illinois. Tangible evidence such as the machine in question is located in Illinois. (Ribordy-Christofferson Aff. ¶16.) This also weighs in favor of transferring the case to Illinois.

Third, the Western District of Virginia's only connection to this case is that the plaintiff's business is located in Clintwood, Virginia. The fact that the plaintiff received correspondence from the defendant in the plaintiff's Clintwood office and communicated with the defendant via telephone from the Clintwood office is not enough to prove that the Western District of Virginia

---

[5] The plaintiff alleges that the machine was inoperable during one of his visits to the defendant's plant. (Compl. ¶14). Employees from RD Systems who witnessed the operation of the machine are obviously important to this case).

[6] Plaintiff alleges that the defendant indicated that B&B was the problem with the production of machine. (Compl. ¶11.) Plaintiff also alleges conference calls and meetings between representatives of B&B regarding the manufacture of the machine. (Id. at ¶¶9, 12). It should also be noted that the plaintiff identifies no witnesses in its Complaint other than the plaintiff himself, who are located in Virginia. All other witnesses identified in the plaintiff's Complaint are employees of RD Systems or B & B.

has a meaningful connection to this case. The contract at issue was executed in Illinois and is to be interpreted according to the laws of Illinois. Further, the performance of the contract and the alleged breach occurred in Illinois.

In sum, since Virginia has very little interest in this case, and an Illinois court would be a much more convenient forum for non-party witnesses; this case should be transferred to the United States District Court for Northern District of Illinois, Western Division, if it is not dismissed for lack of personal jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, defendant Rinky Dink Systems, Inc., d/b/a RD Systems, Inc., respectfully requests this Honorable Court to enter an Order dismissing the plaintiff's Complaint for lack of personal jurisdiction. Alternatively, the defendant, Rinky Dink Systems Inc. d/b/a RD Systems, Inc. respectfully requests this Honorable Court to transfer venue of this action to the United States District Court for the Northern District of Illinois, Western Division.

RINKY DINK SYSTEMS, INC.
d/b/a RD Systems, Inc.

By Counsel

_____/s/ Temple W. Cabell_____
Temple W. Cabell, Esquire (VSB# 20305)
William R. Sievers, Esquire (VSB# 48776)
Eden M. Darrell, Esquire (VSB# 72868)
Schaffer & Cabell, P.C.
416 W. Franklin Street
Richmond, Virginia 23220
(804) 648-0064

(804) 648-5808 (facsimile)
**tcabell@schaffercabell.com**
*Counsel for Rinky Dink Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Anthony E. Collins, Esquire
P.O. Box 3465
Wise, VA 24293
(276) 328-2433
aeclaw1@verizon.net


_____/s/ William R Sievers_____
William R. Sievers, Esquire
Virginia State Bar # 48776
Schaffer & Cabell, P.C.
416 W. Franklin Street
Richmond, Virginia 23220
(804) 648-0064
(804) 648-5808 (facsimile)
**rsievers@schaffercabell.com**
*Counsel for Rinky Dink Systems, Inc.*