IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| JEFF MULLINS <br> d/b/a MULLINS AMMUNITION, INC. <br><br> Plaintiff, <br><br> v. <br><br> RINKY DINK SYSTEMS, INC. <br> d/b/a RD SYSTEMS, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case Number: 2:07-CV-00024 <br> ) <br> ) <br> ) <br> ) <br> ) |

### AFFIDAVIT OF JO RIBORDY-CHRISTOFFERSON

I, Jo Ribordy-Christofferson, do hereby swear and affirm the following:

1. I am the President of the defendant, Rinky Dink Systems, Inc. d/b/a RD Systems, Inc. ("RD Systems"), and I have personal knowledge of facts and events pertinent to the defense of RD Systems in this matter. I submit this Affidavit in support of RD Systems' motion to dismiss for lack of personal jurisdiction, or alternatively, to transfer venue to the United States District Court for the Northern District of Illinois, Western Division.

2. RD Systems is, and has always been, an Illinois corporation with its principal and only place of business located in Winnebago County, Illinois.

3. RD Systems has no officers, employees, or agents located in Virginia.

4. RD Systems is not licensed to do business in Virginia, has no offices in Virginia, and has no registered agent in Virginia.

5. RD Systems owns no real properly in Virginia.

6. RD Systems holds no accounts at financial institutions in Virginia.

Affidavit of Jo Ribordy-Christofferson

7. Other than the agreement between the plaintiff and RD Systems, RD Systems has never entered into any contracts or agreements with customers located in Virginia.

8. RD Systems has never advertised in Virginia or in any Virginia publications.

9. RD Systems did not send any employees, agents, or individuals on the company's behalf to the Shot Show mentioned in the plaintiff's Complaint.

10. The plaintiff initially contacted RD Systems via telephone to inquire about purchasing a bullet swaging and scarring machine ("machine") from RD Systems. No officer, employee, or agent of RD Systems had ever communicated with the plaintiff prior to the plaintiff's telephone call.

11. After the plaintiff's initial telephone call to RD Systems, the plaintiff and RD Systems negotiated an agreement for the manufacture and purchase of the machine. The plaintiff met with RD Systems' CEO in Illinois to negotiate part of the agreement. All other negotiations were conducted via telephone or written communication. At no time did any officer, employee, or agent of RD Systems travel to Virginia during these negotiations.

12. On May 13, 2002, I sent a proposal and terms and conditions for the proposal to the plaintiff in Virginia. Said document is attached hereto as Exhibit "A".

13. The plaintiff telephoned RD Systems after receiving the proposal and agreed to the terms of the proposal. The plaintiff also agreed that RD Systems would not be responsible for the design and manufacture of the tooling (dies) for the machine.

14. The plaintiff contracted with Bronson and Bratton ("B&B") to design and manufacture the tooling for the machine. To the best of my knowledge, B&B is an Illinois corporation with its principal place of business in Illinois.

Affidavit of Jo Ribordy-Christofferson

15. All of RD Systems' contact with B&B took place in Illinois and between RD Systems' office in Illinois and B&B's office in Illinois.

16. Manufacture of the machine by RD Systems took place solely in Illinois. The machine is, and has always been, located in Illinois.

17. The plaintiff traveled to RD Systems' plant in Illinois on several occasions to inspect and work on the tooling for the machine.

18. In or about the summer of 2005, two representatives from RD Systems traveled to the plaintiff's plant in Virginia to observe the plaintiff's tooling and to observe the plaintiff's manufacture of bullets by hand. The purpose of the visit was so that RD Systems could determine why the tooling it was receiving from B&B was not working in the machine. Other than that one visit to Virginia, no other officer, employee, or agent of RD Systems traveled to Virginia in connection with the agreement between the plaintiff and RD Systems.

19. The "Field Service" referenced in the proposal (Exhibit "A") was an option plaintiff could purchase; it was not included in the price quoted in the proposal (Exhibit "A"); the plaintiff never requested that such service be performed; and RD Systems and the plaintiff never had any agreement with respect to such service.

20. In or about June 2006, plaintiff traveled to Illinois and remained there for several weeks. During that time, plaintiff went to RD Systems' plant on a regular and daily basis to work on the tooling for the machine and to use the machine to manufacture bullets.

21. Most of the individuals from RD Systems that would have personal knowledge regarding the allegations in the plaintiff's Complaint are located in Illinois or nearby in Wisconsin. To my knowledge, no individuals with personal knowledge regarding the allegations in the plaintiff's Complaint that worked for RD Systems now work or reside in Virginia.

Affidavit of Jo Ribordy-Christofferson

22. Defending this action in Virginia would be inconvenient for me and other witnesses with personal knowledge pertinent to RD Systems' defense in this matter and would cause RD Systems to incur a more significant financial burden than it would if his case was adjudicated in Illinois.

*Jo Ribordy-Christofferson*
JO RIBORDY-CHRISTOFFERSON

Sworn and subscribed to before me, a Notary Public of the State of Illinois, this 8th day November 2007.

Notary Public
My Commission Expires: 11/15/2009

Affidavit of Jo Ribordy-Christofferson